IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT RODRIGUEZ | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION |
| | ) | No. 20-cv-00258-JMM |
| v. | ) | |
| | ) | ***JURY TRIAL*** |
| | ) | ***DEMANDED*** |
| CARBON COUNTY, ET. AL. | ) | |
| | ) | |
| Defendant | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) ON BEHALF OF DEFENDANTS JIM THORPE BOROUGH, JIM THORPE BOROUGH POLICE DEPARTMENT, AND MATTHEW SCHWARTZ**

**I.    FACTUAL BACKGROUND/REVIEW OF THE COMPLAINT**

The above action was initiated by the filing of a complaint on February 13, 2020 against the above-captioned Defendants. (Docket Document 1)  Plaintiff's complaint seeks recovery for alleged violations of his civil rights and arises out of his arrest two years earlier on February 13, 2018.

Plaintiff's complaint alleges that, on February 13, 2018, he was a resident of a home situated at 102 East White Bear Drive, Summit Hill, Carbon County.   (Plaintiff Complaint, ¶ 20)  Plaintiff claims that on February 13, 2018 defendant Chief Deputy Hager came to the residence to arrest two individuals – James Fredericks and Chad Himelberger – pursuant to arrest warrants issued by the Court of Common Pleas of Berks County.  (Plaintiff Complaint, ¶ 21) Defendant Hager was allegedly accompanied by defendant agents Bodden and Schwartz, and defendant Officer Schwartz, Chief Fittos and three other members of the Carbon County Sheriff's office.  (Plaintiff Complaint, ¶ 23)  Plaintiff claims – "upon information and belief" –

that, upon arriving at the residence and knocking on the door, Hager was greeted at the door by Mr. Fredericks and then entered the house without obtaining consent or permission. (Plaintiff Complaint, ¶ 25) Thereafter, all of the other individual codefendants also allegedly entered the residence without permission or consent, and upon encountering plaintiff in the home they "proceeded to confront, handcuff, assault, and violently beat [plaintiff] about his head and body." (Plaintiff Complaint, ¶ 26-27) The complaint is silent as to what actions, if any, each of the individual defendants specifically engaged in. Following his arrest the Plaintiff was criminally charged with two counts each of aggravated assault and simple assault and said charges were bound over for court with a jury trial still pending at this time. (Plaintiff Complaint, ¶ 30-31)

Plaintiff seeks recovery under 42 U.S.C. §1983 for alleged violations of his civil rights and asserts in a single omnibus count that all of the defendants violated his Fourth Amendment rights through the use of excessive force, subjected him to an unreasonable search and seizure, and thereafter maliciously prosecuted him by filing criminal charges against him (Count I). Plaintiff also seeks recovery against the defendants under Pennsylvania state law by asserting in yet another omnibus count that all of the defendants acts constituted "assault and battery, false arrest, malicious prosecution, false imprisonment, and willful misconduct." (Count II)

While plaintiff does not state his claims against each of the defendants separately, Plaintiff summarily alleges – without asserting any supporting facts - that defendants Jim Thorpe Borough and Jim Thorpe Borough Police Department are liable under a Monell theory of liability for failing to establish appropriate policies, procedures, practices and/or customs and for otherwise failing to adequately supervise, discipline and/or train its officers in the use of force, detentions, arrests and prosecutions. (Complaint, ¶ 44 - 47)

Moving defendants now move this honorable court for dismissal of the claims within the complaint.  Plaintiff's complaint fails to properly assert a claim against moving defendant Schwartz given the paucity of any specific allegations asserted against him.  Alternatively, plaintiff should be required to plead his claims against each of the individual defendant officers with greater specificity and identifying what actions and/or conduct they individually engaged in and which allegedly constitutes a violation of plaintiff's Fourth Amendment rights.  Moving defendant Schwartz, as a police officer of a local agency, is also entitled to governmental immunity pursuant to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. §8541 and therefore Count II of Plaintiff's complaint fails to state any claims against moving defendant Schwartz under Pennsylvania state law for which relief may be granted.

Plaintiff's complaint is also devoid of any facts supporting the conclusory allegations of municipal liability asserted against Jim Thorpe Borough and its police department.  The claims asserted against a borough police department are improper as a police department is not properly named as a party defendant nor capable of being sued.  Lastly, Jim Thorpe Borough is also entitled to governmental immunity pursuant to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. §8541 and therefore Count II of Plaintiff's complaint fails to state any claims against moving defendant Jim Thorpe Borough under Pennsylvania state law.

**II.    LEGAL ARGUMENT**

    **A.    RULE 12(b)(6) MOTION TO DISMISS STANDARD**

When considering a Motion to Dismiss under the Federal Rules, the Court must accept as true all well pled allegations in Plaintiff's Complaint, and construe them in a light most favorable to the Plaintiff.  The Court may dismiss the claim if it appears, beyond a reasonable doubt, the Plaintiff cannot prove those set of facts in support of a claim which would entitle him to relief.

Labove v. Lalley, 809 F.2d. 220 (3d Cir. 1987).  The Court, in its review, may consider exhibits attached to the Complaint, and matters of public record.  Benefit Guarantee Corp. v. White Consol Industries, 998 F. 2d. 1192, 1196 (3d Cir. 1993).  The Court does not have to accept every allegation of Plaintiff's Complaint as true.  The Court may disregard "bald assertions" or "legal conclusions" in a Complaint, when deciding a Motion to Dismiss.  Burlington Coat Factory SEC Litigation, 114 F.3d 1410, 1429-30 (3d Cir. 1997).  Further, unsupported conclusions and unwarranted inferences need not be accepted as true.  Flannigan v. Shively, 783 F.Supp. 926, 927 (M.D. Pa. 1992).

The Supreme Court has clarified its position on the standard under a Motion to Dismiss, in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  The "no set of facts standard" found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), has been abrogated in favor of requiring a Plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974.  As a result of the Twombly holding, Plaintiffs must have "nudged their claim across the line from conceivable to plausible, or the Complaint must be dismissed."  Id.

While a complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, plaintiff's obligation [under Rule 8(a)(2)] to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and the formulated recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.  Id. at 1964-65 (citations omitted).  The Supreme Court has cautioned against bare bones pleading, in Ashcroft v. Iqbal , 2009 U.S. LEXIS 3472 (2009), where the Court held that while the pleading standard does not require "detailed factual allegations," it demands more than an unadorned, "Defendant-unlawfully-harmed-me accusation."  A  pleading that offers labels and conclusions, tenders "naked assertions" devoid of

"further factual enhancement" or merely recites the elements of a cause of action is not sufficient. Ashcroft , 2009 U.S. LEXIS 3472 at *28.

### B. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST MOVING DEFENDANT SCHWARTZ FOR EXCESSIVE FORCE

In the case at bar, plaintiff asserts a claim under 42 U.S.C. § 1983 against all the defendant officers and alleges generally that the all of the other individual codefendants also entered the residence without permission or consent, and upon encountering plaintiff in the home they "proceeded to confront, handcuff, assault, and violently beat [plaintiff] about his head and body." (Plaintiff Complaint, ¶ 26-27) There are no specific allegations within the complaint as to the individual conduct of each of the defendants.

Plaintiff's claim of excessive force is based upon 42 U.S.C. § 1983 and which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

The Supreme Court has held that § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." Albright v. Oliver, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). See also Baker, 443 U.S. at 140; Graham v. Connor, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). The protections of the Fourth Amendment are invoked in an excessive force claim, which arises in the context of an arrest. Graham v. Conner , 490 U.S. 386, 394 (1989). The Fourth Amendment also applies to claims of excessive force post arrest, to pretrial detainees. Stewart v. Abraham, 275 F.3d 220, 228 (3d Cir. 2001)

(citing County of Riverside v. McLaughlin, 500 U.S. 44, 56, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991))  A § 1983 claim for excessive force against a police officer is based on the Fourth Amendment protection from unreasonable seizures of the person. Graham 490 U.S. at 394.

In evaluating an excessive force claim, the appropriate test is one of objective reasonableness. Graham , at 397. Further, the reasonableness of the force used should be viewed under the totality of the circumstances. Sharrar v. Felsing , 128 F.3d 810, 822 (3d Cir. 1997). Factors to be considered in this determination, include, "'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham , at 396.  In applying the objective reasonableness test, the Supreme Court has observed the following:

The calculus of reasonableness must embody allowance for the fact that 'police officers are often forced to make split-second judgments - - in circumstances that are tense, uncertain and rapidly evolving - - about the amount of force that is necessary in a particular situation.'

Id., at 396-397.

In the case at bar, plaintiff's complaint fails to positively identify moving defendant's actions.  Plaintiff only collectively asserts that all of the defendant officers used excessive force without further elaboration as to the type of force applied and by whom.   Where the plaintiff fails to identify which defendant officer is responsible for the alleged excessive force, there is no evidentiary basis on which to hold any of the defendants liable. See Sharrar v. Felsing, 128 F.3d at 821; Howell v. Cataldi, 464 F.2d 272 (3d Cir. 1972); Taylor v. Brockenbrough, 2001 U.S. Dist. LEXIS 21056, 2001 WL 1632146, *2 (E.D.Pa. December 20, 2001) (Yohn, J.). "Even if the Court were to find that the unidentified officer used excessive force… there can be no § 1983 liability against an unidentified individual officer." Munson v. City of Philadelphia, 2009 U.S. Dist. LEXIS 60701, 2009 WL 2152280, *3 (E.D.Pa. July 15, 2009) (Robert F. Kelly, S.J.)

(quoting Glass v. City of Philadelphia, 455 F.Supp.2d 302, 367 (E.D.Pa. 2006) (Robreno, J.)). Accord, McNeil v. City of Easton, 694 F.Supp.2d 375, 395 (E.D. Pa. 2010).

In McNeil (supra), the court was faced with a plaintiff claiming that excessive force was used against him when he was kicked in the head by police officers but the plaintiff could not identify which, if any, of the defendant officers had kicked him. The court, after reviewing decisions issued by the Third Circuit and other district courts within the Eastern District, observed the following:

> I am, of course, bound to follow the Opinions of the United States Court of Appeals for the Third Circuit in Sharrar v. Felsing, Rode v. Dellarciprete, Howell v. Cataldi, and Negrich v. Hohn. I also find the Opinions and analysis of my colleagues on the United States District Court for the Eastern District of Pennsylvania in Taylor v. Brockenbrough, Munson v. City of Philadelphia and Glass v. City of Philadelphia to be persuasive, well-reasoned, and consistent with the foregoing Third Circuit authority.
>
> Therefore, although I find plaintiff Elijah McNeil's claim of the use of excessive force by an unidentified Easton police officer who allegedly kicked him in the back of the head to be serious and troubling, I am constrained to grant defendants' motion for summary judgment because plaintiff has not provided any evidence as to which officer kicked him in the head. And as held in the five cases discussed above, where the plaintiff fails to identify which officer is responsible for the alleged excessive force, there is no evidentiary basis on which to hold any of the defendants liable, Sharrar, supra, and Taylor, supra; and even if the court were to find that the unidentified officer used excessive force, there can be no Section 1983 liability against an unidentified individual officer, Howell, supra, Munson, supra, and Glass, supra.

Id., at 398 – 399.

In the case at bar plaintiff's complaint fails to properly plead the actions of the individual defendants that he claims violated his Fourth Amendment rights. Simply using a legal conclusion that the defendants allegedly "proceeded to confront, handcuff, assault, and violently beat [plaintiff] about his head and body" without more, does not properly state a claim. (Plaintiff Complaint, ¶ 26-27)

### C. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST FOR MALICIOUS PROSECUTION

Plaintiff's complaint asserts (correctly) that the criminal charges which form the basis of his claim of malicious prosecution are still pending and have not been adjudicated. While § 1983 plaintiffs alleging arrest and prosecution absent probable cause may bring malicious prosecution claims under the Fourth Amendment, they are entitled to relief only if they are innocent of the crime for which they were prosecuted. Washington v. Hanshaw, 552 F. App'x 169, 173 (3d Cir. 2014) (citing Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000)). A plaintiff claiming malicious prosecution must prove actual innocence as an element of his prima facie case. Steele v. City of Erie, 113 F. App'x 456, 459 (3d Cir. 2004). In this case it is evident from the plaintiff's complaint that his state criminal prosecution did not terminate favorably for him, since that case is still pending. In the absence of such a favorable termination of the state criminal case, a federal civil rights malicious prosecution lawsuit cannot proceed. See, Miles v. Zech, 2018 U.S. Dist. LEXIS 87417, *14-15 (MDPa 2018)

To allow a plaintiff to prospectively challenge a future criminal conviction, runs afoul of Heck v. Humphrey, 512 U.S. 477, 483, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See, Smith v. Holtz, 87 F.3d 108, 113, 1996 U.S. App. LEXIS 15388, *13-15. As the Court in Smith noted,

> A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which Heck sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter.
>
> Because of these concerns, we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983. See Hamilton v. Lyons, 74 F.3d 99 (5th Cir. 1996)

> (interpreting Heck to prevent accrual of § 1983 claims that would necessarily imply the invalidity of convictions on pending criminal charges). It necessarily follows that so long as success on such a claim would necessarily imply the invalidity of a conviction in the pending criminal prosecution, such a claim does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist.

Id. Given the foregoing, Plaintiff's claims related to his arrest and prosecution must be dismissed.

### D. PLAINTIFF HAS FAILED TO STATE A CLAIM OF MUNICIPAL LIABILITY AGAINST DEFENDANT JIM THORPE BOROUGH OR ITS POLICE DEPARTMENT

Plaintiff's complaint summarily alleges – without asserting any supporting facts - that defendants Jim Thorpe Borough and Jim Thorpe Borough Police Department are liable under a Monell theory of liability for failing to establish appropriate policies, procedures, practices and/or customs and for otherwise failing to adequately supervise, discipline and/or train its officers in the use of force, detentions, arrests and prosecutions. (Complaint, ¶ 44 - 47)

At the outset it should be noted that plaintiff's identification of a municipality's police department as an individually named party is improper. A municipal police department cannot be sued separately from the municipality of which it is a part because it is not a separate independent entity. See Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997); Debellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.").

As it relates to plaintiff's claims against the defendant Borough, municipalities do not cause constitutional deprivations merely by hiring alleged tortfeasors. Rather, they complained of injury must be causally linked to a custom or policy of a municipality pursuant to which an employee was acting. Beck v. City of Pittsburgh, 89 F.3d 966, 972 (3d Cir. 1996). The

municipality or its agency may be held liable for acts that it has ordered. Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986). It also may be liable by virtue of action taken by its own officials when those officials have "the final authority to establish municipal authority with respect to the action ordered." City of St. Louis v. Paprotnik, 45 U.S. 112 (1988).

To support a Monell claim, a Plaintiff must establish that an unconstitutional custom, practice or policy is responsible for his alleged damages. A municipality can be held liable under §1983 only if Plaintiff shows that the actions that were violative of his Civil Rights, implemented a policy, ordinance or custom of the local government or were committed by an official high enough in government so that the actions can fairly be said to represent a government decision. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiffs must provide evidence that the government unit itself supported a violation of plaintiff's constitutional rights. Bielevich v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990); Monell 436 U.S. at 695. Plaintiffs must also show a causal link between the alleged custom or policy and the alleged §1983 violation and concomitant harm. In short, "a municipality can be liable under §1983 only where its policies are the 'moving force behind the violation.'" City of Canton v. Harris, 489 U.S. 379, 386 (1989) (quoting Monell, 436 U.S. at 694).

"Establishing municipal liability on a failure to train claim under § 1983 is difficult." Reitz v. Cnty. of Bucks, 125 F.3d 139, 145 (3d Cir. 1997). "Generally, deficient training can only amount to the requisite deliberate indifference 'where the failure to train has caused a pattern of violations.' Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir.2000). However, an exception exists and a 'failure to train' Monell claim may proceed absent a pattern of violations only where (1) 'a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools [or skills] to handle recurrent

situations,' and (2) the likelihood of recurrence and predictability of the violation of a citizen's rights 'could justify a finding that [the] policymakers' decision not to train an officer reflected "deliberate indifference" to the obvious consequence of the policymakers' choice—namely, a violation of a specific constitutional or statutory right.' Kline, 255 Fed.Appx. at 629 (quoting Board of County Commissioners of Bryan County v.Brown, 520 U.S. 397, 409, 117 S.Ct. 1382, 1391 137 L.Ed.2d 626, 642 (1997))."White v. Brommer, 747 F. Supp. 2d 447, 463 (E.D. Pa. 2010). Accord, Williams v. Gilgallon, MDPa. No. 3:13-CV-2945, Report and Recommendation of Magistrate Carlson,2/24/15).

In the case at bar plaintiffs have identified no such custom, practice or policy. Instead, plaintiffs, through the lack of any facts being plead, appear to want to pursue a theory of "vicarious liability," and which is precisely the theory against which the Supreme Court has consistently warned were not valid under §1983.  See, Oklahoma City v. Tuttle , 471 U.S. 808, 818, 85 L. Ed. 2d 791, 105 S. Ct. 2427 (1985)  Claims of constitutional violations cannot be based on respondeat superior, and require some level of personal involvement by an alleged offender. To establish personal liability in a §1983 action, plaintiffs must demonstrate that a government official, acting under color of state law, caused the deprivation of a federally protected right. Hafer v. Melo , 502 U.S. 21, 25 (1991).

The Court of Appeals for the Third Circuit has long held that "a failure to train, discipline or control can only form the basis for §1983 municipal liability if the plaintiff can show both contemporaneous knowledge of the offending incident, or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." Montgomery v. DeSimone , 159 F.3d 120, 127 (3d Cir., 1998); Bonenberger v. Plymouth Township , 132 F.3d

20, 25 (3d Cir., 1997); Freedman v. City of Allentown, 853 F.2d 1111, 1117 (3d Cir., 1988). More specifically, a plaintiff "must show that a 'reasonable municipal policy maker had knowledge of a pattern of prior incidents or knowledge of similar violations of constitutional rights and failed to take adequate measures to ensure the particular right in question.'" Cacciatore v. City of Philadelphia, 2005 U.S. Dist. Lexis 19064, *1, *6 (E.D. Pa., Sept. 1, 2005) (quoting, Garcia v. County of Bucks, 155 F. Supp. 259, 268 (E.D. Pa., 2001)); Strauss v. Walsh, 2002 U.S. Dist. Lexis 24717, *1, *10 (E.D. Pa. Dec. 18, 2002); Altieri v. Pennsylvania State Police, 2000 U.S. Dist. Lexis 5041, *1, *39-40 (E.D. Pa., April 20, 2000).

In the present case plaintiff does not adequately allege the elements of a Monell claim. The Complaint is entirely devoid of any facts that identify a municipal policy or custom to support plaintiffs' claims. See Kriss v. Fayette Cnty., 504 F. App'x 182, 187 n.2 (3d Cir. 2012) ("[P]laintiff seeking to impose liability on a municipality under § 1983 must identify a municipal policy or custom that caused the plaintiff's injury.") (internal quotation omitted); Briston v. Cnty. of Allegheny, No. 2:08-CV-1380, 2011 U.S. Dist. LEXIS 13663, 2011 WL 635267, at *6 (W.D. Pa. Feb. 11, 2011) (The "inability to advance facts sufficient to identify an existing policy . . . precludes the ability to establish Monell liability"). Accordingly, plaintiff's Monell claims against moving defendant Jim Thorpe Borough should be dismissed with prejudice.

### E. PLAINTIFF'S STATE LAW CLAIMS ARE BARRED BY THE PENNSYLVANIA POLITICAL SUBDIVISION TORT CLAIMS ACT

Moving defendants, as a local governmental agency and an employee of a local agency, are entitled to the defense of governmental immunity as preserved by the Pennsylvania legislature in the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, et seq. See 42 Pa. C.S. § 8542(a), (b). See also Mascaro v. Youth Study Center, 514 Pa. 351, 523 A.2d 1118, 1120 (1987). Local governmental agencies such as moving defendant cannot be held

liable for intentional torts on the basis of governmental immunity. See Roskos v. Sugarloaf, 295 F.Supp.2d 480, 490 (M.D. Pa. 2003).

Under the Political Subdivision Tort Claims Act, 42 Pa. C.S. §8541, "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." In order for liability to be imposed on a local agency, 42 Pa.C.S. § 8542(a) sets forth three conditions that must be met: First, the damages must be recoverable under common law or a statute creating a cause of action if the injury was caused by a person not having available a defense under 42 Pa C.S. § 8541. Second, the injury must have been caused by the negligent acts of the local agency or an employee of the local agency acting within the scope of his or her office or duties. Finally, the negligent action must fall within one of the exceptions to governmental immunity set forth in 42 Pa.C.S. § 8542(b)." Lindstrom v. City of Corry, 563 Pa. 579, 763 A.2d 394 (2000).

Exceptions to governmental immunity include: J) Vehicle liability; 2) Care, custody or control of personal property; 3) Real property; 4) Trees, traffic controls and street lighting; 5) Utility service facilities; 6) Streets; 7) Sidewalks, and 8) Care, custody or control of animals. 42 Pa. C.S. § 8542(b). In the instant case, the Plaintiff alleges what would be characterized as willful misconduct by unidentified police officers. Pursuant to 42 Pa. C.S. § 8550, a local agency cannot be liable for an injury caused by the criminal, fraudulent, malicious, or willful/intentional misconduct of one of its employees. See, Acker v. Spangler, 92 Pa. Commw. 616, 500 A.2d 206 (1985). See Also, Hardy v. Big Beaver Falls Sch. Dist., 2009 Pa. Dist. & Cnty. Dec. LEXIS 166, *3-4, 9 Pa. D. & C.5th 482, 484-485.

Plaintiff has failed to identify a proper basis for the assertion of his claim against defendant Schwartz and some of which are still dependant upon the outcome of a pending

criminal proceeding and therefore prematurely asserted as a minimum..  As it relates to the defendant borough, plaintiff's complaint asserts intentional torts and which are barred as a matter of law.

### III. CONCLUSION

The claims against moving defendants Jim Thorpe Borough set forth in plaintiff's' complaint should be dismissed with prejudice by this honorable court.  Plaintiff has failed to assert any factual basis for the Monell claims.  Similarly, the claims of excessive force against officers Schwartz also lack any well plead facts sufficient to state a claim.  Plaintiff should be required to plead his claim using facts as opposed to boilerplate legal conclusions .

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

Date: April 13, 2020            By:     */s/ Paul G. Lees*
Paul G. Lees, Esquire
Identification No. 68886
4905 W. Tilghman Street, Suite 300
Allentown, PA 18104
(484) 895-2321
(484) 895-2303 (fax)
Email: pglees@mdwcg.com
*Attorneys for Defendants Jim Thorpe Borough And Matthew Schwartz*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Brief in Support of the Motion to Dismiss of Defendants Jim Thorpe Borough, Jim Thorpe Borough Police Department and Matthew Schwartz was electronically filed with the Court on April 13, 2020 and is available for viewing and downloading from the ECF System. The following counsel of record was served via electronic notification:

Richard M. Wiener, Esquire
Law Offices of Richard M. Wiener
8 Tower Bridge, Suite 400
161 Washington Street
Conshohocken, PA  19428
*Attorney for Plaintiff*

Gerard J. Geiger, Esquire
Newman Williams
712 Monroe Street
Stroudsburg, PA  18360
*Attorney for Defendants Carbon County and Joseph Hager*

Mark J. Kozlowski, Esquire
Marshall Dennehey Warner Coleman & Goggin
P. O. Box 3118
Scranton, PA  18505-3118
*Attorney for Defendants Summit Hill Borough, d/b/a Summit Hill Police Department, Summit Hill Police Department d/b/a Summit Hill Borough and Chief Joseph F. Fittos, Jr.*

Respectfully submitted:

**MARSHALL, DENNEHEY, WARNER COLEMAN & GOGG IN, P.C.**

Date:  April 13, 2020

By:___/s/ Paul G. Lees_____
Paul G. Lees, Esquire
Identification No. 68886
4905 W. Tilghman Street, Suite 300
Allentown, PA 18104
(484) 895-2321
(484) 895-2303 (fax)
Email: pglees@mdwcg.com
*Attorneys for Defendants Jim Thorpe Borough and Matthew Schwartz*