IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRETT RODRIGUEZ : | |
| 441 West Patterson Street : | |
| Lansford, PA 18232 : | |
| : | |
| *Plaintiff* : | |
| : | Civil No. 3:20-CV-00258-JPW |
| v. : | |
| : | Judge Jennifer P. Wilson |
| CARBON COUNTY d/b/a : | |
| CARBON COUNTY SHERIFF'S OFFICE : | |
| 4 Broadway : | |
| Jim Thorpe, PA 18229 : | |
|     and : | |
| JOSEPH HAGER, Individually : | |
| Carbon County Sheriff's Office : | |
| 4 Broadway : | |
| Jim Thorpe, PA 18229 : | |
|     and : | |
| KIRK F. SCHWARTZ, Individually : | |
| Pennsylvania Office of Attorney General : | |
| Strawberry Square : | |
| Harrisburg, PA 17120 : | |
|     and : | |
| AGENT BODDEN a/k/a : | |
| AGENT ADAMES, Individually : | |
| Pennsylvania Office of Attorney General : | |
| Strawberry Square : | |
| Harrisburg, PA 17120 : | |
|     and : | |
| JIM THORPE BOROUGH d/b/a : | |
| JIM THORPE POLICE DEPARTMENT : | |
| 101 East 10th Street : | |
| Jim Thorpe, PA 18229 : | |
|     and : | |
| MATTHEW SCHWARTZ, Individually : | |
| Jim Thorpe Police Department : | |
| 101 East 10th Street : | |
| Jim Thorpe, PA 18229 : | |
|     and : | |

*[continued]*

1

| | |
|---|---|
| SUMMIT HILL BOROUGH d/b/a | : |
| SUMMIT HILL POLICE DEPARTMENT | : |
| 40 West Amidon Street | : |
| Summit Hill, PA 18250 | : |
| and | : |
| CHIEF JOSEPH F. FITTOS, JR., Individually | : |
| Summit Hill Police Department | : |
| 40 West Amidon Street | : |
| Summit Hill, PA 18250 | : |
| | : |
| *Defendants* | : |

## AMENDED COMPLAINT

Plaintiff, Brett Rodriguez files this Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B).

### Jurisdiction

1. This action is brought pursuant to 42 U.S.C. § 1983. This court has original jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(1)-(4), and supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

### Venue

2. The events and omissions giving rise to Plaintiff's claims set forth herein occurred in Summit Hill Borough, Carbon County, Pennsylvania. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Middle District of Pennsylvania.

### Parties

3. Plaintiff, Brett Rodriguez (hereinafter referred to as "Mr. Rodriguez") is an adult individual and a resident of the Commonwealth of Pennsylvania, domiciled at the address above-captioned.

4. Defendant, Carbon County d/b/a Carbon County Sheriff's Office (hereinafter referred to as "Carbon County") is a local government entity and political subdivision, organized and

existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with a principal office at the address above-captioned.

5. At all times material hereto, Defendant, Carbon County oversaw and operated the Carbon County Sheriff's Office, a municipal department, organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania.

6. Defendant, Joseph Hager (hereinafter referred to as "Chief Deputy Hager") is an adult individual who at all times material hereto was employed as a chief deputy of the Carbon County Sheriff's Office and acted in his individual capacity and under color of state law.

7. Defendant, Kirk F. Schwartz (hereinafter referred to as "Agent Schwartz") is an adult individual who at all times material hereto was employed as a Drug Task Force agent in the Pennsylvania Office of Attorney General and acted in his individual capacity and under color of state law.

8. Defendant, Agent Bodden also known as Agent Adames (hereinafter referred to as "Agent Bodden") is a female adult individual who at all times material hereto was employed as a Drug Task Force agent in the Pennsylvania Office of Attorney General and acted in her individual capacity and under color of state law.

9. Defendant, Jim Thorpe Borough doing business as Jim Thorpe Police Department (hereinafter referred to as "Jim Thorpe Borough") is a local government entity and political subdivision, organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its office at the address above-captioned.

10. At all times material hereto, Defendant, Jim Thorpe Borough's acts and omissions were accomplished by said defendant's officers, agents, workers, and/or employees who were acting and/or failing to act within the course and scope of their agency and/or employment, and

who were acting under color of state law.

11. Defendant, Matthew Schwartz (hereinafter referred to as "Officer Schwartz") is an adult individual who at all times material hereto was employed as a police officer in the Jim Thorpe Police Department and acted in his individual capacity and under color of state law.

12. Defendant, Summit Hill Borough doing business as Summit Hill Police Department (hereinafter referred to as "Summit Hill Borough") is a local government entity and political subdivision, organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its office at the address above-captioned.

13. At all times material hereto, Defendant, Summit Hill Borough's acts and omissions were accomplished by said defendant's officers, agents, workers, and/or employees who were acting and/or failing to act within the course and scope of their agency and/or employment, and who were acting under color of state law.

14. Defendant, Chief Joseph F. Fittos, Jr (hereinafter referred to as "Chief Fittos") is an adult individual who at all times material hereto was employed as a police chief in the officer in Summit Hill Police Department and acted in his individual capacity and under color of state law.

15. Upon information and belief, at all times material hereto, Defendant, Chief Fittos oversaw and supervised the operation of the Summit Hill Police Department as well as the training, work, and discipline of all employees of the Summit Hill Police Department.

16. Upon information and belief, at all times material hereto, Defendant, Chief Fittos developed, formulated, instituted, and maintained the policies, practices, directives, procedures, and customs of the Summit Hill Police Department.

17. At all times relevant hereto, Defendants were acting in concert and conspiracy and their actions deprived Mr. Rodriguez of his constitutional, statutory, and common law rights.

**Factual Background**

18. On February 13, 2018 and for some time prior thereto, Mr. Rodriguez resided at the private home located at 102 East White Bear Drive, Summit Hill, Carbon County, Pennsylvania (hereinafter referred to as "the residence").

19. On February 13, 2018 at approximately 9:00 a.m., Chief Deputy Hager went to the residence allegedly with the intention of arresting two individuals: James Fredericks, pursuant to a bench warrant issued by the Court of Common Pleas of Carbon County; and Chad Himelberger, pursuant to an arrest warrant issued by the Court of Common Pleas of Berks County.

20. Neither of the aforesaid warrants included a search warrant, no search warrant had been issued with regard to the residence, and no warrant of any kind had been issued with regard to Mr. Rodriguez.

21. Agent Schwartz, Agent Bodden, Officer Schwartz, and Chief Fittos, as well as three other members of the Carbon County Sheriff's Office, accompanied Chief Deputy Hager and/or met him at the residence, purportedly to assist in either executing the aforesaid warrants or determining whether illegal drug operations were present at the residence.

22. According to Deputy Chief Hager, after he arrived at the residence with the other aforesaid law enforcement personnel, he knocked on the front door of the residence and was greeted by James Fredericks.

23. On information and belief, Deputy Chief Hager and another deputy sheriff entered the house without obtaining consent or permission to do so and without the existence of exigent circumstances, purportedly to effectuate the arrest of Mr. Fredericks.

24. At or about the same time, Agent Schwartz, Agent Bodden, Officer Schwartz, and Chief Fittos entered the house without obtaining consent or permission to do so and without the existence of exigent circumstances.

25. After entering the residence as aforesaid, Agent Schwartz, Agent Bodden, Officer Schwartz, and Chief Fittos walked throughout the home and eventually encountered Mr. Rodriguez.

26. Agent Schwartz and Officer Schwartz each proceeded to confront, handcuff, assault, and violently beat Mr. Rodriguez about his head and body.

27. At no point during the aforesaid attack upon Mr. Rodriguez did any of law enforcement personnel present in and about the residence (including Chief Deputy Hager, Agent Bodden, and Chief Fittos) intervene to prevent or stop the assault and beating of Mr. Rodriguez.

28. Immediately after the aforesaid encounter and attack, Chief Fittos and Officer Schwartz arrested Mr. Rodriguez and caused him to be confined to jail.

29. In connection with the aforesaid encounter and attack, Chief Fittos and Officer Schwartz filed and pursued criminal charges against Mr. Rodriguez for two counts of aggravated assault [18 Pa.C.S. § 2701(a)(3)] and two counts of simple assault [18 Pa.C.S. § 3503(a)(1)].

30. Mr. Rodriguez entered pleas of not guilty to each of the aforesaid criminal charges which are pending in the Court of Common Pleas of Carbon County, Pennsylvania, with a jury trial currently scheduled for June 1, 2020.

31. Mr. Rodriguez did not commit any offense or engage in conduct justifying Defendants' actions with regard to the aforesaid warrantless and improper search of his residence, the warrantless and improper seizure of his person, the use of force against him, the amount of force used against him, and the filing and prosecution of criminal charges against him.

32. The aforesaid criminal charges have been filed, prosecuted, and pursued by Defendants despite the absence of probable cause and despite the existence of credible, exculpatory evidence which was known to Defendants.

33. The aforesaid criminal charges against Mr. Rodriguez lacked probable cause and were filed and pursued with malice and willful disregard for Mr. Rodriguez's civil rights.

34. Defendants acted willfully, wantonly, deliberately, maliciously, and/or with reckless disregard of Mr. Rodriguez's constitutional, statutory, and common law rights.

35. As a direct and proximate result of Defendants' aforesaid conduct, Mr. Rodriguez has sustained the following injuries and incurred the following damages:

    (a) Violations of his rights under the Fourth Amendment to the United States Constitution to be secure in his home and person from unreasonable searches and seizures;

    (b) Violations of his rights under the Fourth Amendment to the United States Constitution to be secure in his person from unreasonable use of force;

    (c) Violations of his rights under the Fourth Amendment to the United States Constitution to not be subjected to malicious prosecution;

    (d) Violations of his rights under the Fourteenth Amendment to the United States Constitution to not be denied life, liberty, or property without due process of law;

    (e) Physical injuries and trauma about his head and body;

    (f) Pain and suffering, fear, anxiety, embarrassment and humiliation, and emotional trauma, some or all of which may be permanent;

    (g) Loss of liberty;

    (h) Economic losses; and

(i) Interference with and injury to his person, property, and reputation.

## FIRST CLAIM FOR RELIEF
### FEDERAL CIVIL RIGHTS VIOLATIONS

36. Mr. Rodriguez incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

37. As a direct and proximate result of Defendants' aforesaid conduct, committed under color of law, Defendants deprived Mr. Rodriguez of his right to be free from the state's unreasonable use of force, his right to not be subjected to unreasonable searches or seizures, his right to not be subjected to malicious prosecution, and his right to not be denied life, liberty, or property without due process of law. As a result, Mr. Rodriguez suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

38. As a direct and proximate result of Defendants' aforesaid conduct, Mr. Rodriguez has sustained the injuries and incurred the damages set forth in ¶ 35, *supra*.

39. Defendant, Carbon County operates, administers, maintains, and controls the Carbon County Sheriff's Office.

40. Defendant, Carbon County has established and/or acquiesced to policies, procedures, directives, practices, and customs for its Sheriff's Office regarding searches, seizures, uses of force, detentions, arrests, and prosecutions of citizens.

41. In establishing and/or acquiescing to these policies, procedures, directives, practices, and customs, Defendant, Carbon County has a duty under the Fourth and Fourteenth Amendments to the United States Constitution to refrain from enforcing or continuing in effect policies, procedures, directives, practices, or customs that create a substantial likelihood that

citizens would be subjected to improper warrantless searches and seizures, unreasonable uses of force, improper detentions, improper arrests, and malicious prosecutions by its Sheriff's Office and the individuals working therein.

42. Notwithstanding its aforesaid duty, Defendant, Carbon County committed one or more of the following wrongful acts or omissions in violation of and with deliberate indifference to Mr. Rodriguez's constitutional rights:

>(a) Failing to establish appropriate policies, procedures, directives, practices, and/or customs regarding whether, when, and how to commence and conduct a warrantless search under circumstances such as those presented herein;

>(b) Allowing policies, procedures, directives, practices, and customs to continue in force and effect which resulted in the improper search and seizure of Mr. Rodriguez;

>(c) Establishing, maintaining, and/or allowing to exist and continue policies, procedures, directives, practices, and/or customs of failing to properly and effectively supervise, discipline, train, and retrain individuals in its Sheriff's Office with regard to searches, seizures, uses of force, detentions, arrests, and prosecutions under circumstances such as those presented herein.

43. Defendant, Jim Thorpe Borough operates, administers, maintains, and controls the Jim Thorpe Police Department.

44. Defendant, Jim Thorpe Borough has established and/or acquiesced to policies, procedures, directives, practices, and customs for its Police Department regarding searches, seizures, uses of force, detentions, arrests, and prosecutions of citizens.

45. In establishing and/or acquiescing to these policies, procedures, directives, practices, and customs, Defendant, Jim Thorpe Borough has a duty under the Fourth and Fourteenth

Amendments to the United States Constitution to refrain from enforcing or continuing in effect policies, procedures, directives, practices, or customs that create a substantial likelihood that citizens would be subjected to improper warrantless searches and seizures, unreasonable uses of force, improper detentions, improper arrests, and malicious prosecutions by its Police Department and the individuals working therein.

46. Notwithstanding its aforesaid duty, Defendant, Jim Thorpe Borough committed one or more of the following wrongful acts or omissions in violation of and with deliberate indifference to Mr. Rodriguez's constitutional rights:

(a) Failing to establish appropriate policies, procedures, directives, practices, and/or customs regarding whether, when, and how to commence and conduct a warrantless search under circumstances such as those presented herein;

(b) Allowing policies, procedures, directives, practices, and customs to continue in force and effect which resulted in the improper search and seizure of Mr. Rodriguez;

(c) Establishing, maintaining, and/or allowing to exist and continue policies, procedures, directives, practices, and/or customs of failing to properly and effectively supervise, discipline, train, and retrain individuals in its Police Department with regard to searches, seizures, uses of force, detentions, arrests, and prosecutions under circumstances such as those presented herein.

47. Defendant, Summit Hill Borough operates, administers, maintains, and controls the Summit Hill Police Department.

48. Defendant, Summit Hill Borough has established and/or acquiesced to policies, procedures, directives, practices, and customs for its Police Department regarding searches, seizures, uses of force, detentions, arrests, and prosecutions of citizens.

49. In establishing and/or acquiescing to these policies, procedures, directives, practices, and customs, Defendant, Summit Hill Borough has a duty under the Fourth and Fourteenth Amendments to the United States Constitution to refrain from enforcing or continuing in effect policies, procedures, directives, practices, or customs that create a substantial likelihood that citizens would be subjected to improper warrantless searches and seizures, unreasonable uses of force, improper detentions, improper arrests, and malicious prosecutions by its Police Department and the individuals working therein.

50. Notwithstanding its aforesaid duty, Defendant, Summit Hill Borough committed one or more of the following wrongful acts or omissions in violation of and with deliberate indifference to Mr. Rodriguez's constitutional rights:

    (a) Failing to establish appropriate policies, procedures, directives, practices, and/or customs regarding whether, when, and how to commence and conduct a warrantless search under circumstances such as those presented herein;

    (b) Allowing policies, procedures, directives, practices, and customs to continue in force and effect which resulted in the improper search and seizure of Mr. Rodriguez;

    (c) Establishing, maintaining, and/or allowing to exist and continue policies, procedures, directives, practices, and/or customs of failing to properly and effectively supervise, discipline, train, and retrain individuals in its Police Department with regard to searches, seizures, uses of force, detentions, arrests, and prosecutions under circumstances such as those presented herein.

51. The aforesaid improper search and seizure, unreasonable use of force, improper detention and arrest, and malicious prosecution of Mr. Rodriguez was the direct and proximate result of the failure of Defendants, Carbon County, Chief Deputy Hager, Jim Thorpe Borough,

Summit Hill Borough, and Chief Fittos to properly and/or sufficiently formulate, institute, oversee, and/or supervise the training, supervision, and discipline of individuals working within the respective law enforcement agencies with regard to warrantless searches and seizures under circumstances such as those presented herein.

52. The aforesaid unlawful search, seizure, detention, arrest, and prosecution of Mr. Rodriguez was the direct and proximate result of the failure of Defendants, Carbon County, Chief Deputy Hager, Jim Thorpe Borough, Summit Hill Borough, and Chief Fittos to properly and/or sufficiently develop, formulate, institute, and/or maintain appropriate policies, practices, procedures, and customs regarding law enforcement encounters such as the one set forth herein, especially with regard to warrantless searches and seizures.

53. By these actions, Defendants, acting in concert and conspiracy, have deprived Mr. Rodriguez of rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF
## STATE LAW CLAIMS

54. Mr. Rodriguez incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

55. The aforesaid acts and omissions of Defendants, Chief Deputy Hager, Agent Schwartz, Agent Bodden, Officer Schwartz, and Chief Fittos constitute assault and battery, false arrest, malicious prosecution, false imprisonment, and willful misconduct under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

## REQUEST FOR RELIEF AND JURY DEMAND

In light of the foregoing, Plaintiff requests the following relief:

(a) Compensatory damages;

(b) Punitive damages (as to the individual defendants only);

(c) Reasonable attorney's fees and costs; and

(d) Such other and further relief as appears reasonable and just.

Plaintiff demands a jury trial as to each Defendant and as to each claim for relief.

DATE: April 27, 2020
                                    s/ Richard M. Wiener, Esquire
Richard M. Wiener, Esquire
PA Attorney I.D. No. 68041
Law Offices of Richard M. Wiener, LLC
Eight Tower Bridge, Suite 400
161 Washington Street
Conshohocken, PA 19428
(610) 832-8050
rwiener@wienerlegal.com
*Attorney for Plaintiff*